UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

VERDELLE WATSON,                                    07 CV 5777 (DC)

                    Plaintiff,

    -against-


THE LONG ISLAND RAILROAD COMPANY,

                    Defendant.

-------------------------------------------------------------------x

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, VERDELLE WATSON, respectfully sets forth the following as her proposed jury

instructions:

|                                                        | PAGE |
|--------------------------------------------------------|------|
| INTRODUCTION                                           | 2    |
| ELEMENTS                                               | 3    |
| BURDEN OF PROOF - GENERAL                              | 4    |
| PREPONDERANCE OF THE EVIDENCE                          | 5    |
| NEGLIGENCE DEFINED                                     | 6    |
| DUTY TO GUARD AGAINST FORESEEABLE RISKS                | 7    |
| STANDARD VARIES WITH LEVEL OF RISK                     | 8    |
| FORSEEABILITY CONSIDERATIONS                           | 9    |
| DUTY TO PROVIDE A SAFE PLACE TO WORK                   | 10   |
| NON-DELEGABLE DUTY                                     | 11   |
| STANDARD OF CARE                                       | 12   |
| DUTY TO INSPECT                                        | 13   |
| CONTINUING DUTY                                        | 14   |
| CAUSATION                                              | 15   |
| ASSUMPTION OF RISK                                     | 16   |
| DAMAGES INTRODUCTION                                   | 17   |
| PERSONAL INJURY ACTION                                 | 18   |
| DAMAGES-PERMANENCE-LIFE EXPECTANCY TABLE               | 19   |
| DAMAGES - LOSS OF EARNINGS                             | 20   |
| AWARD IS NOT TAXABLE                                   | 21   |
| EXPERT WITNESS CHARGE                                  | 22   |
| MISSING WITNESS CHARGE                                 | 23   |
| MISSING DOCUMENT                                       | 24   |

INTRODUCTION

The plaintiff, VERDELLE WATSON, brings this action against the defendant, LONG ISLAND RAILROAD COMPANY, (hereinafter LIRR). That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas.

(Sand[1] - Rule 89-1).

---

[1] Sand, Siffert, Reiss, Sexton & Thrope, Modern Federal Jury Instructions, 1987.

ELEMENTS

In order to find the defendant liable to the plaintiff under the FELA statute, you must find, by a preponderance of the evidence, the following:

First, that the defendant is a railroad engaged in interstate commerce, and

Second, that the plaintiff was an employee of the defendant and was acting in the scope of her employment.

Those first two facts are not in dispute. The plaintiff and the defendant have agreed that the defendant is a railroad engaged in interstate commerce and plaintiff was acting in the course of his employment.

I will therefore go on to discuss what you must decide. In order to find the defendant liable to the plaintiff, you must find by a preponderance of the evidence:

That the defendant or one of its employees or agents was negligent, and

That such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff. (Derived from Sand 89-2).

## BURDEN OF PROOF - GENERAL

This is a civil case and as such the plaintiff has the burden of proving her claim by a fair preponderance of the evidence.

If upon a consideration of all the facts on the issues as to which plaintiff has the burden of proof -- which are whether defendant or one of its employees or agents was negligent and whether such negligence played any part in bringing about an injury to plaintiff -- you find that the plaintiff has failed to sustain his burden, then you proceed no further and your verdict must be for the defendant.

If, however, you find that the plaintiff has met her burden on these issues, then you proceed to consider the issue of plaintiff's contributory negligence. On these issues, the burden is on the defendant to establish by a preponderance of the evidence both that plaintiff was negligent and that her negligence played a part in bringing about her own injuries.

4

## PREPONDERANCE OF THE EVIDENCE

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence, she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof, that what the party claims is more likely than not true, then that claim will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard in a criminal trial. That requirement does not apply to a civil case such as this.

## NEGLIGENCE DEFINED

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances. (Sand, 89-9).

## DUTY TO GUARD AGAINST FORESEEABLE RISKS

This definition of negligence requires the defendant to guard against those risks or dangers which it knew or by the exercise of due care should have known.  In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from a particular circumstance.  (Sand, 89-10).

## STANDARD VARIES WITH LEVEL OF RISK

The degree of care required by the reasonable care standard varies with the level of risk.  The greater the risk of harm, the greater the required level of care.  (Sand, 89-12).

FORESEEABILITY CONSIDERATIONS

How do you determine whether the railroad knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition was dangerous.

Third, you may consider whether the railroad should have performed inspections which would have brought the dangerous condition to defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant railroad failed to take such reasonable precautions, then you may find that the defendant railroad was negligent. (Sand, 89-11).

## DUTY TO PROVIDE A SAFE PLACE TO WORK

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide her with a reasonably safe place in which to work, reasonably safe conditions in which to work and reasonable safe tools and equipment. (Sand, 89-13).

## NON-DELEGABLE DUTY

The employer's duty to provide a safe place to work may not be delegated to a third party. Thus, the employer has a duty to provide a safe place to work even when the employee's duties require her to enter property or use equipment owned and controlled by a third party, such as another railroad. (Sand, 89-14).

## STANDARD OF CARE

The standard of care imposed on a railroad under the FELA is substantially higher than the standard of care imposed under ordinary common law. Thus the railroad is liable to its employees for injuries resulting from slight negligence. What this means is that the railroad has the obligation to exercise not just ordinary care, but rather, great care. <u>Shipman v. Boeing</u>, 411 F.2d 365 (5th Cir. 1969).

DUTY TO INSPECT

This duty of care includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees form possible danger. This duty applies to premises owned by the railroad and to premises owned by third parties where the railroad employees ware required to work. (Sand, 89-15).

## CONTINUING DUTY

The defendant railroad's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent. (Sand, 89-16).

CAUSATION

Finally, if you find by a preponderance of the evidence that the defendant railroad, its agents, or employees were negligent, you must then determine whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any pare, even the slightest, in bringing about an injury to the plaintiff?

However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find the employer's negligence played any part, no matter how slight, in causing an injury to the plaintiff. (Derived from Sand, 89-22).

## ASSUMPTION OF RISK

It is also the law that you cannot find the plaintiff guilty of contributory negligence because she assumed the risk of working in this particular area.  Assumption of risk is not a defense to this action.  <u>Telly v. Great Northern Ry. Co.</u>, 59 Wash.2d 894, 371 P.2d 528; <u>Atlantic Coastline Ry.Co. v. Burkett,</u> 192 F.2d 941 (5th Cir.)(45 U.S.C. 54).

## DAMAGES - INTRODUCTION

You reach the issue of damages only if you find that the plaintiff has established his claim by a preponderance of the evidence.

The fact that I charge you on the issue of damages does not mean that plaintiff is entitled to prevail - that is for you to decide. I instruct you on this subject only in the event you decide that plaintiff has sustained her burden of proof that the defendant railroad's negligence played a part in bringing about his injury. (Derived from Sand, 89-27).

## PERSONAL INJURY ACTION

Under the FELA, the plaintiff, if she has sustained his burden of proof, may recover for:

1. Loss of earnings from the time of the accident to the present, and in the future;

2. Pain, suffering and mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, experienced from the date of the accident to the present; and

3. Pain, suffering and mental anguish, if any, as you may reasonably find she is likely to endure in the future as a result of her injury.

The plaintiff may also recover her out of pocket expenses, such as medical bills. (Sand, 89-29).

DAMAGES – PERMANENCE – LIFE EXPECTANCY TABLES

If you find that any of plaintiff's injuries are permanent you must make such allowance in your verdict as you think that circumstances warrants, taking into consideration the period of time that has elapsed from the date of the injury to the present time and the period of time plaintiff can be expected to live. In this connection it is pointed out to you that plaintiff is now 44 years of age and according to the Period Life Table maintained by the Social Security Administration has a life expectancy of 37.2 years. Such tables are, of course, nothing more than statistical averages. They neither assure the span of life that I have given you nor assure that the span of plaintiff's life will not be greater. The life expectancy figure I have given you is not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of plaintiff's health, his habits, employment and activities in determining what the plaintiff's present life expectancy is. (PJI 2:281)

DAMAGES – LOSS OF EARNINGS

There are two categories of lost earnings, past lost earnings, that is, from the date of the injury to trial; and future lost earnings, that is, from the date of trial into the future.

Any award you make for the diminution of plaintiff's earning capacity in the future should be determined on the basis of her earnings prior to the injuries, the condition of her health, his prospects for advancement and the probabilities with respect to future earning prior to his injuries, the extent to which you find that that those prospects or probabilities have been diminished by the injuries, the length of time that you find plaintiff would reasonably be expected to work had she not been injured, the nature and hazards of plaintiff's employment and other circumstances which would tend to increase or decrease plaintiff's earning capacity.

If you find that plaintiff is entitled to an award for diminution of her earning capacity in the future, you will fix the dollar amount of such diminution and include amount in your verdict if you find for plaintiff.

Regarding past lost earnings, that is from the date of the injury to the trial, there has been evidence that plaintiff was out of the work from the date of the accident through November 9, 2006 at which time she was assigned to light duty. She remained on light duty through May 2007 during which period she lost overtime wages. Said amount will be provided. Plaintiff attempted to return to full duty on in May 2007 but after attempting to work a few days went out of work again. She subsequently remained out of work until November 15, 2007 when she returned to work at full duty. Plaintiff's straight time wage loss from the date of the accident to the present is approximately $37,400.00 and her overtime wage loss from the the date of the accident to the present is approximately $          . (PJI 2:290)

## AWARD IS NOT TAXABLE

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.  (Sand, 89-36)

EXPERT WITNESS CHARGE

You have also heard testimony at this trial from witnesses we have identified as experts, that is, individuals with certain skill, knowledge or proficiency in a particular field or area of study. Experts are asked to state their opinions on matters they are presumably knowledgeable about so as to assist you, the jury, in your determination of the facts in the case.

However, just because a witness testifies as an expert does not mean that you are obliged to accept his opinion or follow his views. Quite the contrary. You are entitled to accept or reject the opinion testimony of an expert depending upon how you assess that witness, his opinions, the reasons he may have given them, and the facts upon which they re based. You may also consider the experts qualifications and his reasons for testifying. Just as with any other witness, the expert witness is to be evaluated and judged by you and you may accept his testimony in whole or in part or not at all, as you see fit.

## MISSING WITNESS CHARGE

There is not duty on the part of either party to call any particular person as a witness, nor my the failure to call a witness be the basis of a finding of fact on a point about which no evidence has been received.

However, if you find that a witness was in a position to give relevant evidence, that one party was in the best position to call that witness, and that that party has offerred no reasonable explanation for the failure to call such a witness, you may infer that the testimony of that witness would have been unfavorable to that party.

You should, however, remember that neither side has a duty to call a witness whose testimony would merely repeat duplicate other evidence.

MISSING DOCUMENT

If you find that the defendant LIRR destroyed and/or failed to produce a certain accident report relating to this case, and that no reasonable explanation for such destruction or failure to produce has been offered, you may infer that the destruction or failure to produce this accident report had a fraudulent purpose and that if it were produced the report would have been against the LIRR's interest. Moreover, it casts doubt upon the LIRR's position and may be considered against the railroad's case as such. If you find the destruction or failure to produce was without a reasonable explanation, that does not, however, in and of itself, mean that the plaintiff is entitled to win. You may give the fact of such destruction or failure the weight you think proper under all the circumstances; you may consider it decisive with respect to plaintiff's claim, you may ignore it altogether, or you may give it weight between those extremes you determine appropriate. (Derived from NY PJI 1:77 & 1:7.1.)

Respectfully submitted,

SABLE & GOLD
Attorneys for Plaintiff

By: _____
Fredric M. Gold (3286)
450 Seventh Avenue
New York, NY 10123
(212) 244-2740

To:    LIRR Law Department
       Jamaica Station
       Jamaica, New York 11435
       Attn:  Christopher P. Yodice